IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Samuel Ward,<br><br>　　　　　Defendant. | No. CR-15-50162-PHX-SPL (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

　　　　Pending before the Court is a Superseding Petition, filed on February 3, 2017, alleging violations of supervised release. Pursuant to a Standing Order of Referral, dated July 2, 2014, the Honorable Steven P. Logan, United States District Judge, referred the Petition to Revoke Supervised Release in the above-numbered case to the undersigned Magistrate Judge to conduct a "hearing and preparation of findings and recommendations . . . and submit the necessary Report and Recommendation . . ." as authorized under 18 U.S.C. § 3401(i) and 28 U.S.C. § 636(b)(3). The parties consented in writing that this Magistrate Judge conduct this hearing on the Petition. (Doc. 27.)

**I.　Procedural Background**

　　　　On July 19, 2016, Defendant was sentenced to 5 months of imprisonment and 31 months of supervised release for a violation of supervised release. (Doc. 16.) On February 3, 2017, a Superseding Petition was filed alleging three violations of

Defendant's supervised release.

On October 7, 2017, this Court conducted an evidentiary hearing. The Government proceeded on the three allegations in the Superseding Petition:

Allegation A: **Special Condition #1** which states, "*You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.*"

Ward failed to report to BSSW October 12, 2016, as directed. During a meeting in the probation office on October 11, 2016, Ward was directed, in writing, to report to Behavioral Systems Southwest (BSS) October 12, 2016, and to submit to substance abuse testing. Grade C violation §7Bl.l(a)(3).

Allegation B: **Special Condition #4** which states, "*At the discretion of the probation officer, you shall actively participate in a residential program as directed by the probation officer until discharged by the probation officer, but not to exceed 180 days without a Court review. Placement may include, singularly or in any combination, a residential re-entry center, a halfway house, inpatient drug treatment or a drug-free sober living environment as selected by the probation officer.*"

Ward reported to BSSW, at approximately 8am, October 21, 2016, but left the facility before completing the intake process and failed to return. On October 20, 2016, Ward was accepted into Behavioral Systems Southwest (BSSW), a residential re-entry center located in Phoenix. His supervising officer contacted him by phone the same date and directed him to report to BSSW October 21, 2016, to complete the intake process. His whereabouts are unknown. Grade C violation §7Bl.l(a)(3).

Allegation C: **Standard Condition #7** which states, "*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.*"

Ward abused methamphetamine October 21, 2016. Ward submitted to substance abuse testing October 21, 2016, and tested positive for methamphetamine. Grade C violation §7B 1.1 (a)(3).

(Doc. 26 at 1-2.)

Defendant was present and assisted by counsel. The Government called Senior Probation Officer Kimberly Peterson and admitted Exhibit 1 into evidence without objection by Defendant. Defendant testified.

## II. Findings of Fact

The Court submits the following findings of fact.

### a. Senior Probation Officer Kimberly Peterson

On October 11, 2016, Officer Peterson met with Defendant and reviewed his conditions of supervised release. Defendant and Officer Peterson signed a copy of the terms of Defendant's Supervised Release. Defendant was ordered, in writing, to report to BSSW on October 12. Defendant did not report to BSSW on October 12, 2016.

On October 17, Officer Peterson spoke with Defendant. Defendant was directed to submit for urinalysis testing. Defendant submitted to testing, and the testing was negative for drug use.

On October 20, Officer Peterson directed Defendant to report to BSSW on October 21, 2016. Defendant reported to BSSW on October 21 in the morning, and he submitted to a drug test. Defendant did not complete his intake assessment because he asked for permission to leave for a job interview. He was given permission to leave BSSW to participate in the job interview, but was instructed to return that day. Defendant did not return to BSSW that day, and his whereabouts were unknown. The staff at BSSW did not express concern to Officer Peterson regarding Defendant's mental health. Defendant's drug test was submitted to Alere laboratory, and Defendant's test was positive for amphetamine use. (*See* Exhibit 1.)

On November 9, 2016, Defendant was arrested on the warrant in this case by Salt River Police Department officers. Officer Peterson had no contact with Defendant after he failed to return to BSSW on October 21. Defendant's failure to return to BSSW on October 21 violated his duty to abide by Special Condition #4.

Officer Peterson agreed that Defendant had serious mental health issues.

3

Defendant was provided a seven-day supply of Risperdal on or about October 8. Defendant's supply of Risperdal was likely to run out on October 15. Officer Peterson spoke with Defendant about contacting Urgent Psychiatric Care to obtain additional medication. Officer Peterson did not know if Defendant went to Urgent Psychiatric Care.

### b. Defendant Samuel Ward

Defendant agreed he had mental health issues. He was prescribed Risperdal while in prison. Without Risperdal, he loses "clarity" and his visions/hallucinations become worse. Defendant's supply of Risperdal ran out on October 14.

Defendant understood his supervised release obligations. After his October 11, 2016 meeting with Officer Peterson, he attempted to comply with his obligations by seeking government identification, going to the Red Cross, and attempting to comply with drug-testing obligations. He was unable to go to BSSW on October 12 because he did not have transportation.

Defendant spoke with Officer Peterson on October 17 and understood his obligation to appear at BSSW on October 21. Defendant appeared at BSSW on October 21. Defendant did not explain why he failed to return to BSSW on October 21 as directed. He stated that he no longer had medications on October 21, and his life is "topsy-turvy" and full of "gaps" when he is not medicated.

Defendant did not call Officer Peterson after he failed to appear at BSSW on October 12. Defendant did not call Officer Peterson after he failed to return to BSSW on October 21.

### III.  Conclusions of Law

"A district court may 'revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release…if the court…finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995) (quoting 18 U.S.C. § 3583(e)(3)).  The Court is required to determine if Defendant (1) participated as instructed in a program of substance abuse treatment (Allegation A), (2) actively

4

participated in a residential program as directed (Allegation B), and (3) used methamphetamine (Allegation C).

### a. (Allegation A) Substance Abuse Treatment Participation

It is undisputed that Defendant failed to report to BSSW on October 12, 2016 as ordered. Defendant understood the requirement, but he stated he did not have transportation. Defendant's mental health issues did not prevent compliance because he still had a supply of Risperdal on October 12. Defendant did not attempt to contact Officer Peterson after his failure to appear at BSSW.

The Court finds that Defendant failed to participate in substance abuse treatment as directed when he failed to appear at BSSW on October 12.

### b. (Allegation B) Participation in Residential Program

Defendant understood his obligation to report to BSSW on October 21 because he appeared and began intake processing. He received permission to leave BSSW to participate in a job interview. Defendant did not return. It is undisputed that Defendant has serious mental health issues. There is no evidence that Defendant had mental health medications between October 15, 2016 and his November 9, 2016 arrest.[1] Undoubtedly, Defendant's lack of medication contributed to his poor decisions (consuming methamphetamine and failing to return to BSSW). But Defendant appeared at BSSW on October 21, and never called Officer Peterson after he failed to return.

The Court finds that Defendant did not comply with the probation officer's directive that Defendant complete the BSSW intake process. Defendant previously failed to comply with BSSW obligations (on October 12) while he was taking Risperdal. The Court does not find that Defendant was incapable of returning to BSSW or contacting his

---

[1] Defendant was arrested on November 9, 2016. Defendant testified that he was prescribed Risperdal while in custody after his arrest. Defendant testified he was taking Risperdal at the time of this hearing on February 7, 2017. The Court inquired of Defendant's competency at the outset of the proceedings. After hearing from Defendant and his counsel, and asking Defendant questions, the Court determined Defendant displayed no signs of incompetence. After Defendant's testimony, the Court was further convinced Defendant showed no signs of incompetence.

probation officer when he was not medicated. Undoubtedly, Defendant's serious mental health problems were a factor in his noncompliance, but they are not the sole cause of his behavior. Defendant also used methamphetamine prior to October 21. Defendant's counsel described this as "self-medicating" but it is also evidence of his failure to follow his conditions of supervised release.

### c. (Allegation C) Methamphetamine Use

Defendant submitted to drug testing on October 21, 2016. Defendant's drug test returned positive for methamphetamine after testing by Alere Laboratory. No evidence was presented to contradict the testing. Defendant's drug test on October 17 was negative.

The Court finds Defendant used methamphetamine prior to October 21, in violation of his terms of supervised release.

## IV. Recommendation

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and LRCrim 57.6(d)(4), Rules of Practice for the District of Arizona, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable Steven P. Logan, United States District Judge, after an independent review of the record, find Defendant violated the terms of supervised release contained in Allegations A, B, and C.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

**IT IS ORDERED** setting a final disposition hearing for **March 14, 2017**, at **9:00 a.m.** before the Honorable Steven P. Logan, United States District Judge, in Courtroom 501, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona.

**IT IS FURTHER ORDERED** that the U.S. Probation Department shall prepare a Disposition Report and the Defendant shall cooperate with the Probation Department in its preparation of the Disposition Report.

**IT IS FURTHER ORDERED** the parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 59, Federal Rules of Criminal Procedure.

Dated this 9th day of February, 2017.

Honorable John Z. Boyle
United States Magistrate Judge